**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4185**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TINA BELCASTRO,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:12-cr-00056-IMK-JSK-5)

Submitted:  September 10, 2015    Decided:  September 22, 2015

Before WYNN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Clarksburg, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tina Belcastro appeals from the revocation of her supervised release and the imposition of an eight-month prison sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the sentence is plainly unreasonable. Belcastro was advised of her right to file a pro se supplemental brief but she did not file one. The Government declined to file a brief. After a careful consideration of the entire record, we affirm.

The district court has broad discretion to impose a sentence after revoking a defendant's term of supervised release. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of discretion." United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted). We begin our review by "decid[ing] whether the sentence is unreasonable." Id. at 438. In doing so, we follow "generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A supervised release revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter 7 of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors, Crudup, 461 F.3d

2

at 439, and has adequately explained the sentence chosen, although the court need not explain the sentence in as much detail as when imposing the original sentence, United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence to be procedurally or substantively unreasonable will we consider whether the sentence is "plainly" so. Id. at 439.

Here, the district court court explicitly considered the Guidelines range and the statutory factors and noted that Belcastro's repeated violations endangered the public and illustrated her failure to submit to supervision. The court considered the statements of both parties, which were essentially in agreement and which provided no request or reasoning for a lower sentence. The court sentenced Belcastro to the term agreed to by the parties, which was also the low end of the undisputed Guidelines range. We conclude that the district court did not abuse its discretion in sentencing Belcastro. See United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015) (standard of review).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.

3

Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED